IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:23-cv-00217

MARCIA BALTIMORE and STEVE COTHREN, individually and on behalf of all others similarly situated

Plaintiff,

vs.

GENERAC POWER SYSTEMS, INC.,

Defendant.

**NOTICE OF REMOVAL**

Defendant Generac Power Systems, Inc. ("Generac") hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1453, from the State of North Carolina Superior Court for Wake County, to the United States District Court for the Eastern District of North Carolina, Western Division. Generac is entitled to remove this action based on both diversity jurisdiction and the Class Action Fairness Act ("CAFA"), and as grounds for removal, states as follows.

**BACKGROUND**

1. Plaintiffs Marcia Baltimore and Steve Cothren ("Plaintiffs") filed this action against Generac on March 21, 2023, in the State of North Carolina Superior Court for Wake County, and this action was assigned Case No. 23CV00641-910. *See* Summons and Complaint (attached as Exhibit 1). Plaintiffs served Generac with the Complaint on March 24, 2023.

2. Plaintiffs allege that they bring this action against Generac "on the basis of the breach of express and implied warranties, breach of contract, negligent misrepresentation, fraud, unjust enrichment, and a violation of the North Carolina's Unfair Trade Practices and Consumer

1

Protection Laws, N.C. Gen. Stat. § 75-1.1, *et seq.*, due to the design, manufacture, supply, distribution, and/or sale of defective PWRcell systems to consumers in North Carolina." Complaint ¶ 1. Plaintiffs allege that "Generac manufactures the PWRcell system (the 'System')," *id*. ¶ 5, and that "consumers do not receive the benefits of a fully functional System because the System contains a design and/or manufacturing defect," *id*. ¶ 7. Plaintiffs further allege that "each System contains 'SnapRS' connector components (the 'Snaps')," and that "[d]uring the course of normal and expected use of the system, the Snaps will overheat, melt, explode, and otherwise malfunction (the 'Defect')." *Id*.

3. The named Plaintiffs (Marcia Baltimore and Steve Cothren) allege that they are each residents and citizens of North Carolina, that each of them "purchased one of the aforementioned Systems," and that "the System is not performing as expected and contains the defective component." *Id*. ¶¶ 19-20. Plaintiffs further allege that the "[t]he cost of the System is at least $50,000." *Id*. ¶ 195.

4. Plaintiffs state that they bring this action "individually and as a representative of all those similarly situated pursuant to Rule 23 of the North Carolina Rules of Civil Procedure," and that they seek to represent the following putative class: "During the fullest period allowed by law, all persons who purchased the Generac PWRcell system in the State of North Carolina within the applicable statute of limitations, until the date notice is disseminated." *Id*. ¶ 125. Plaintiffs estimate that the putative class "likely consists of hundreds of people in North Carolina." *Id*. ¶ 127.

5. According to the Complaint, as a result of "Generac's concealment of the Defect," "Plaintiffs and putative Class Members purchased the defective Systems when they otherwise would not have made such purchases on the same terms at all, or would not have paid as much for the defective Systems," *id*. ¶ 12; and that the "Systems failed or are likely to fail as a result of the

Defect . . . , resulting in damaged and unusable Systems," *id*. ¶ 13. Plaintiffs and putative class members allegedly "suffered damages, including but not limited to: (a) the difference in value of the Systems as purchased and the Systems as received; (b) loss of use of the Systems; (c) cost to repair or replace the Systems, including labor and parts; (d) consequential damages; and (e) damage to property other than the Systems." *Id*. ¶ 58.

6. Plaintiffs further state that "Plaintiffs and putative North Carolina Subclass Members have been damaged in an amount in excess of $25,000 and are entitled pursuant to N.C. Gen. Stat. § 75-16 to recover treble damages as well as attorneys' fees and costs." *Id*. ¶ 213.

7. Among other relief, Plaintiffs request that the court "[a]ward damages, including compensatory, exemplary, and statutory damages, to Plaintiffs and the Classes"; "[p]ermanently enjoin Generac from engaging in the wrongful and unlawful conduct alleged"; "[a]ward Plaintiffs and the Classes their expenses and costs of suit, including reasonable attorneys' fees," and "[a]ward Plaintiffs and the Classes pre-judgment and post-judgment interest." *Id*. p. 34.

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. §§ 1441, 1446, AND 1453 ARE MET

8. Venue for the removal of this action is proper in this Court pursuant to 28 U.S.C. §§ 113(a) and 1441(a) because the State of North Carolina Superior Court for Wake County is located within the Eastern District of North Carolina, Western Division.

9. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 5.3(a)(1), a Copy of the Summons and Complaint are attached as Exhibit 1. No other process, pleadings, or orders have been served on Generac.

10. Generac was served with the Summons and Complaint on March 24, 2023. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

11. Pursuant to 28 U.S.C. § 1446(d), Generac is serving a copy of this Notice of

Removal on Plaintiffs and is filing a copy with the Clerk of the State of North Carolina Superior Court for Wake County.

12. By filing a Notice of Removal in this matter, Generac does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Generac reserves its right to assert any defenses and/or objections to which it may be entitled.

13. Generac reserves the right to amend or supplement this Notice of Removal.

## REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) exists if two requirements are met. First, there must be complete diversity between the plaintiffs and the defendants. *See, e.g.*, *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020). Second, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

15. Traditional diversity jurisdiction exists over putative class actions pursuant to 28 U.S.C. §§ 1332 and 1367 when the named plaintiffs and defendants are completely diverse and at least one named plaintiff's claim satisfies the amount-in-controversy requirement under 28 U.S.C. § 1332(a). *See, e.g.*, *TJF Servs., Inc. v. Transp. Media, Inc.*, 2018 WL 10812168, at *2-3 (E.D.N.C.) (citing *Dell Webb Cmtys. Inc. v. Carlson*, 817 F.3d 867, 870-71 (4th Cir. 2016)). The citizenship of absent class members is not considered for purposes of determining complete diversity. *See Rosmer v. Pfizer, Inc.*, 263 F.3d 110, 117 n.4 (4th Cir. 2001).

**A.    The Complete Diversity Requirement Is Met.**

16. The Complaint alleges that Plaintiff Marcia Baltimore is a resident and citizen of Apex, North Carolina, and that Plaintiff Steve Cothren is a resident and citizen of Pleasant Garden, North Carolina. Complaint ¶¶ 19-20. The named Plaintiffs thus are citizens of North Carolina.

17. As the Complaint alleges, Generac is a corporation that is incorporated in Wisconsin and has its principal place of business in Waukesha, Wisconsin. Complaint ¶ 20. For diversity purposes, a corporation is a citizen of "every State or foreign state by which it has been incorporated" as well as "the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see, e.g.*, *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831 F.2d 522, 530 (4th Cir. 1987). Generac thus is a citizen of Wisconsin.

18. Because the named Plaintiffs are citizens of North Carolina and Generac is a citizen of Wisconsin, under 28 U.S.C. § 1332, complete diversity among the parties exists in this action.

**B.     The Amount-In-Controversy Requirement Is Met.**

19. The amount-in-controversy requirement is also satisfied. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). While Generac denies that Plaintiffs are entitled to any monetary or other relief, the allegations of the Complaint demonstrate that the amount in controversy as to each named Plaintiff is in excess of the jurisdictional minimum.

20. The Complaint specifically states that Plaintiffs "have been damaged in an amount in excess of $25,000 and are entitled pursuant to N.C. Gen. Stat. § 75-16 to recover treble damages." Complaint ¶ 213. That allegation alone satisfies the $75,000 jurisdictional amount-in-controversy requirement. A claim for treble damages is considered when determining whether the amount-in-controversy requirement for diversity jurisdiction is satisfied. *See, e.g.*, *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 460 (D. Md. 2013) (citing *Wall v. Fruehauf Trailer Servs.*,

*Inc.*, 123 F. App'x 572, 577 (4th Cir. 2005); *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001)) ("Trebled damages are considered when determining the amount in controversy.").

21.  Moreover, the Complaint alleges that named Plaintiff Marcia Baltimore "paid approximately $83,160" for "parts and installation"; her "System has not operated properly"; "[h]ad she known about the Defect, she would have either not purchased the System or would have paid less than she did"; and she "did not receive the benefit of her bargain." Complaint ¶¶ 62, 68. The Complaint alleges that named Plaintiff Steve Cothren "paid approximately $57,000" for "parts and installation"; his "System has not operated properly"; "[h]ad he known about the Defect, he would have either not purchased the System or would have paid less than he did"; and he "did not receive the benefit of his bargain." *Id.* ¶¶ 69, 77. Each named Plaintiff alleges that he or she had to have the System's "Snaps" replaced. *Id.* ¶¶ 65-66, 73. Plaintiffs seek "compensatory damages including, but not limited to, the cost of inspection, repair, and diminution in value," and they allege that they suffered "loss of the Systems and its intended benefits." *Id.* ¶ 165. Plaintiffs seek "restitution from Generac and an order of this Court proportionally disgorging all profits, benefits, and other compensation obtained by Generac from their wrongful conduct." *Id.* ¶ 199. Plaintiffs also seek attorneys' fees "provided by law" and exemplary damages. *Id.* p. 34; *see Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368-69 (4th Cir. 2013) (considering attorneys' fees authorized by statute in amount-in-controversy calculation); *Gordon v. Bus. Consultants, Inc.*, 856 F.2d 186, 1998 WL 86618, at *1 (4th Cir. 1988) (table decision) ("exemplary . . . damages may be included in determining whether a plaintiff has satisfied the amount in controversy requirement"). Those allegations show that the amount in controversy exceeds $75,000, exclusive of interest or costs.

22.  Because there is complete diversity of citizenship between the named Plaintiffs and

Generac, and because the amount in controversy for each of the named Plaintiffs exceeds $75,000, exclusive of interest and costs, this case is subject to removal by Generac on diversity grounds pursuant to 28 U.S.C. §§ 1332 and 1441.

## ALTERNATIVELY, THIS CASE IS REMOVABLE UNDER CAFA

23. CAFA provides a separate and independent ground for removal of this action. CAFA "provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)). To determine whether the amount in controversy requirement under CAFA is satisfied, "the claims of the individual class members shall be aggregated." *Id.* (quoting § 1332(d)(6)).

### A. The Numerosity Requirement Is Satisfied.

24. Plaintiffs invoke North Carolina Rule of Civil Procedure 23, and seek to represent other persons on a class action basis as alleged in the Complaint. Complaint ¶ 125. Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

25. Plaintiffs seek to represent a putative class composed of "all persons who purchased the Generac PWRcell system in the State of North Carolina within the applicable statute of limitations." Complaint ¶ 125. The Complaint specifically alleges that the putative class "likely consists of hundreds [plural] of people in North Carolina." *Id*. ¶ 127. Accordingly, this action satisfies the requirement for removal that "the number of members of all proposed plaintiff classes in the aggregate" is equal to or greater than 100. 28 U.S.C. § 1332(d)(5)(B).

### B. The Minimal Diversity Requirement Is Satisfied.

26. The minimal diversity requirement is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

27. The minimal diversity requirement is met here. Each named Plaintiff is alleged to be a citizen of North Carolina, and as the Complaint alleges, Generac is a citizen of Wisconsin. Complaint ¶¶ 19-21.

### C. The Amount-In-Controversy Requirement Is Satisfied.

28. Under CAFA, the amount in controversy must exceed five million dollars ($5,000,000), exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). In a putative class action, the amount in controversy is determined by aggregating the claims of all members of the putative class. *See* 28 U.S.C. § 1332(d)(6). The Supreme Court has made clear that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). Moreover, in "actions seeking declaratory . . . and injunctive relief, it is well established that the amount in controversy" may be "measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Attorneys' fees that are provided by law also may be considered in determining the amount in controversy. *See Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 736 n.12 (4th Cir. 2009). Claims for punitive or exemplary damages may be considered, too. *See, e.g.*, *Schutte v. Ciox v. Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022) ("it is well-settled that punitive damages . . . factor into the amount-in-controversy calculation) (internal quotation marks and citation omitted); *Carter v. Westlex Corp.*, 643 F. App'x 371, 376 (5th Cir. 2016); *E.P. v. Hardee's Food Sys., LLC*, 2018 U.S. Dist. LEXIS 186427, at *7 (W.D.N.C. Oct. 31, 2018).

29.     Based on the allegations in the Complaint, the amount in controversy in this action exceeds five million dollars ($5,000,000) in the aggregate, exclusive of interest and costs. Plaintiffs allege that "Plaintiffs and putative North Carolina Subclass Members have been damaged in an amount in excess of $25,000 and are entitled pursuant to N.C. Gen. Stat. § 75-16 to recover treble damages as well as attorneys' fees and costs." Complaint ¶ 213. The Complaint also alleges that the putative class "likely consists of hundreds [plural] of people in North Carolina." *Id*. ¶ 127. Those allegations by themselves easily satisfy the requirement that the amount in controversy exceed $5,000,000 in the aggregate, exclusive of interest and costs. *See, e.g.*, *Hardig v. Certainteed Corp.*, 2012 WL 423512, at *2 (W.D.N.C. Feb. 9, 2012) ("In analyzing the amount in controversy for cases under CAFA, treble damages, when demanded, must be included in the analysis.").

30.     Moreover, the Complaint broadly seeks monetary and non-monetary relief on behalf of the likely "hundreds" of putative class members. Complaint ¶ 127. Plaintiffs and putative class members allegedly "suffered damages, including but not limited to: (a) the difference in value of the Systems as purchased and the Systems as received; (b) loss of use of the Systems; (c) cost to repair or replace the Systems, including labor and parts; (d) consequential damages; and (e) damage to property other than the Systems." *Id*. ¶ 58; *see also id.* ¶ 124. The Complaint specifically alleges that the "baseline starting price" for the Generac PWRcell system is "$47,000.00," and that the estimated savings of using the system are "$66,217.00 over 25 years." *Id*. ¶ 6. The Complaint identifies as common questions as to members of the putative class "[w]hether Generac should be ordered to disgorge all or part of the ill-gotten profits it received from the sale of the defective Systems," *id*. ¶ 129(i), "[w]hether Plaintiffs and putative Class Members are entitled to damages "compensatory, exemplary, and statutory damages," *id*. ¶ 129(j), and "[w]hether Plaintiffs and putative Class Members are entitled to injunctive, declaratory, or other equitable relief," *id*.

¶ 129(l); *see also, e.g.*, *id*. ¶¶ 149, 165, 174, 191, 199, 212. The Complaint also seeks attorneys' fees on behalf of putative class members. *Id*. ¶¶ 149, 213. Given the potential number of putative class members and the alleged damages and other relief sought, the aggregate amount in controversy is greater than five million dollars ($5,000,000), exclusive of interest and costs.

31. Although Generac denies that Plaintiffs or any putative class members are entitled to recover any amount, and denies that Plaintiffs or putative class members are entitled to any of the relief sought, the amount-in-controversy requirement for removal under CAFA is satisfied.

32. Because the numerosity, minimal diversity, and amount-in-controversy requirements of CAFA are satisfied, this case is subject to removal to federal court.

WHEREFORE, Generac hereby removes this action from the State of North Carolina Superior Court for Wake County to the United States District Court for the Eastern District of North Carolina, Western Division.

This 21st day of April, 2023

MAYER BROWN LLP

*/s/ Michael J. Gill*
Michael J. Gill
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
Fax (312) 701-7711
(IL Bar No. 0957615)
mgill@mayerbrown.com
Counsel for Generac Power Systems, Inc., by Special Appearance

*/s/ John S. Hahn*
John S. Hahn
1999 K Street, NW
Washington, DC 20006-1101
(202) 263-3346
Fax (202) 263-5346
State Bar No. 43430
jhahn@mayerbrown.com
Local Civil Rule 83.1(d) Counsel for Defendant Generac Power Systems, Inc.